Eastern District of Kentucky
F I L E D
AUG 1 2 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-484-GWU

GARY L. MIRACLE,                                                                                              PLAINTIFF,

VS:                   MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT,

INTRODUCTION

Gary Miracle brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

    1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

    2.     Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

    3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

    4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

    5.     Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Miracle, a 34 year-old former maintenance laborer, fork lift/truck driver, machine operator, and auto porter with a high school education, suffered from impairments related to chronic bronchial asthma, and being status post artery bypass grafting. (Tr. 17, 20). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform the full range of light level work. (Tr. 24). Based upon application of Rule 202.20 of the Medical-Vocational Guidelines, the claimant could not be considered totally disabled. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. The ALJ properly found that Miracle could perform the full range of light level work. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

Dr. John Dickey treated Miracle for his heart problems. In December of

1999, Dr. Dickey opined that the claimant would be able to return to work by February 1, 2000. (Tr. 190). The administrative decision is compatible with this opinion.

Dr. Joel Leib, another treating physician, only suggested that Miracle should not return to his past work, and the administrative decision is also consistent with this opinion.

Dr. Christopher Feddock, an examining consultant, found no physical evidence for significant restriction in such areas as stooping, bending, reaching, sitting, standing, moving about, lifting, carrying, handling objects, or traveling. (Tr. 239). The ALJ's restriction of Miracle to the full range of light level work is compatible with this opinion. The claimant asserts that Dr. Feddock's opinion is not supported by objective medical data. However, the doctor examined the plaintiff and noted him to have a normal gait and station. (Tr. 238). No abnormal heart sounds were detected. (Tr. 238). Cyanosis, clubbing and edema were not detected upon examination of the extremities. (Tr. 238). There was no sign of a motor deficit or evidence of nerve root compression. (Tr. 238). Sensory changes were not reported and pathological reflexes were not detected. (Tr. 238). A chest x-ray revealed clear lung fields and no cardiomegaly. (Tr. 239). Thus, objective medical data does support Dr. Feddock's opinion. Therefore, his opinion, along with those of Dr. Dickey and Dr. Leib, provides substantial evidence to support the administrative decision.

Dr. Steven Morgan, a treating source, opined that Miracle could not return to work for an indefinite time period and should apply for disability. (Tr. 240, 308). The ALJ rejected Dr. Morgan's opinion as binding because he did not believe it was well-supported by objective medical data. (Tr. 21). This action was appropriate. In January of 2002, Dr. Morgan indicated that hypertension

6

and respiratory disease were the plaintiff's main problems. (Tr. 241). The hypertension was stable and the respiratory system was normal with the exception of complaints of dyspnea and coughing. (Tr. 241). Cardiovascular examination was normal. (Tr. 241). Despite his breathing complaints, the claimant was noted to continue his cigarette smoking habit.[1] (Tr. 311). These modest findings do not support a claim of total disability. Furthermore, Dr. Morgan's opinion is offset by that those of the equally-placed Dr. Dickey and Dr. Leib. Therefore, the ALJ properly rejected Dr. Morgan's opinion.

The Court notes that Dr. Calixto Hernandez (Tr. 268-278) and Dr. S. Mukherjee (Tr. 299-306), each suggested the existence of non-exertional environmental restrictions which would preclude reliance upon the medical-vocational guidelines. The plaintiff has not objected to the ALJ's rejection of these restrictions and the opinions of these non-examiners are outweighed by the aforementioned treating and examining sources. The administrative regulations provide that more weight is generally given to treating and examining sources in preference to non-examiners. 20 C.F.R. Section 404.1527(d)(1)(2). Therefore, these opinions were properly disregarded.

The ALJ properly determined that Miracle did not suffer from a "severe" mental impairment. The plaintiff denied suffering from mental problems at the administrative hearing. (Tr. 46). The claimant's treating source at the Cumberland River Comprehensive Care Center specifically indicated that he did

---

[1] In Mullins v. Secretary of Health and Human Services, 836 F.2d 980 (6th Cir. 1987), the court found that in view of a claimant's continued smoking habit, "it was difficult to invision [sic] a severe and environmental restriction imposed by a pulmonary condition." Mullins, 836 F.2d at 985. Therefore, no environmental restrictions related to a pulmonary problem would appear warranted.

7

not suffer from any mental impairments.[2] (Tr. 228). Psychologists Ilze Sillers (Tr. 264-266) and Jane Brake (Tr. 294-296), the non-examining medical reviewers, each identified mental restrictions. However, these opinions are outweighed by that of the treating source. Therefore, ALJ dealt properly with the evidence of record relating to Miracle's mental status.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the  /2  day of August, 2005.

G. WIX UNTHANK
SENIOR JUDGE

---

[2]The claimant's level of functioning was actually rated as "slightly high" to "moderately high" in all areas with the exception of physical functioning. (Tr. 228).

8